UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 2338, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) )  Case No. 1:20cv70 SNLJ |
| ROBERT L. WILKIE, SECRETARY, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

Plaintiff American Federation of Government Employees (AFGE) National Veterans Affairs Council of Locals, Local 2338 ("the Union"), brought this action against the Department of Veterans Affairs, John J. Pershing Medical Center, Poplar Bluff, Missouri (the "VA" or "Agency") to confirm an arbitration award.

On July 2, 2018, the Union filed a grievance against the VA in accordance with Article 43 of the parties' Master Agreement.  The grievance was subsequently heard in an arbitration proceeding pursuant to Article 44 of the Master Agreement on October 25, 2018.  The Arbitrator rendered a decision on February 15, 2019 in favor of the Union. The VA filed exceptions with the Federal Labor Relations Authority ("FLRA") on January 29, 2020.  The LFRA dismissed the VA's exceptions.  The Union states that the Agency has exhausted all administrative proceedings available to it, and thus the Union

seeks confirmation of the arbitration award under Section 435.400 RSMo.  The VA has filed a motion to dismiss, or, in the alternative, for summary judgment [#11].

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). In addressing a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC.*, 855 F.3d 949, 954 (8th Cir. 2017).  A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id.* at 555.

The VA contends that dismissal is proper because the Chapter of the statute by which plaintiff seeks to confirm the arbitration award "pertains to commercial arbitration. It has no application to labor arbitration . . .." *Grubb v. Leroy L. Wade & Sons, Inc.*, 384 S.W.2d 528, 534-35 (Mo. 1964).  Furthermore, although the General Assembly has amended Chapter 435 since *Grubb*, "[s]ubsequent amendments to the statute indicate no

2

change in [*Grubb*'s] rule." *Rudnay v. Kansas City Chiefs Football Club, Inc.*, 1983 WL 2135 (W.D. Mo. Oct. 19, 1983) (citing *id*).

Very little caselaw is available on this subject. It certainly appears that this case is a labor dispute. Plaintiff's only cited basis for jurisdiction is § 435.040 RSMo. Chapter 435 VAMS remains titled "Arbitration" under Title XXVIII, which is title "Contracts and Contractual Relations." *Grubb* held that this chapter pertains to commercial arbitration, not labor arbitration. 384 S.W.2d at 534-35. Plaintiff did not respond to the motion, and it has thus tacitly conceded the point. *See, e.g.*, *O'Shaughnessy v. Cypress Media, L.L.C.*, 208 F. Supp. 3d 1064, 1074 (W.D. Mo. 2016). This Court will thus grant the motion to dismiss because the sole basis for confirming the arbitration award does not apply to this case.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss is GRANTED.

Dated this   2nd   day of October, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

3